**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMIRA M. BROWNELL AND AMIRAMARIE.XO LLC,<br><br>Plaintiffs,<br><br>V.<br><br>EDIKTED LLC,<br><br>Defendant. | C.A. No. 26-1068-MN |

**DEFENDANT EDIKTED LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

Beth Moskow-Schnoll (No. 2900)
Alan C. Cardenas-Moreno (No. 7174)
BALLARD SPAHR LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Telephone: 302.252.4465
E-mail: moskowb@ballardspahr.com
cardenasmorenoa@ballardspahr.com

*OF COUNSEL*:

BALLARD SPAHR LLP
Noah S. Robbins
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8745
E-mail: robbinsn@ballardspahr.com
(*Pro Hac Vice* application forthcoming)

*Counsel for Defendant Edikted LLC*

Dated: October 13, 2026

## TABLE OF CONTENTS

**PAGE**


I. NATURE AND STAGE OF THE PROCEEDINGS .......... 1

II. SUMMARY OF ARGUMENT .......... 1

III. STATEMENT OF FACTS .......... 2

IV. LEGAL STANDARD .......... 4

V. ARGUMENT .......... 5

1. Amiramarie.xo LLC Lacks Standing to Assert Copyright Infringement Claims .......... 5

2. Plaintiffs' Claims for Statutory Damages and Attorney's Fees Under Count I are Barred Under 17 U.S.C. § 412 .......... 7

VI. CONCLUSION .......... 9

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009)....................4

*Ballentine v. United States*,
486 F.3d 806 (3d Cir. 2007)....................4

*Commerce Bancorp LLC v. Hill*,
2010 U.S. Dist. LEXIS 60550 (D.N.J. June 18, 2010)....................6

*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3d Cir. 2016)....................4

*FOCUS v. Allegheny County Court of Common Pleas*,
75 F.3d 834 (3d Cir.1996)....................4, 5

*Leonard v. Stemtech Health Scis., Inc.*,
No. CIV.A. 08-067-LPS-CJ, 2011 WL 6046701 (D. Del. Dec. 5, 2011), *report and recommendation adopted*, No. CA 08-067-LPS-CJB, 2012 WL 1133185 (D. Del. Mar. 28, 2012)....................8, 9

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
795 F.3d 997 (9th Cir. 2015)....................6

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977)....................4

*Stockfood Am., Inc. v. Adagio Teas, Inc.*,
475 F. Supp. 3d 394 (D.N.J. 2020)....................6

**Statutes**

17 U.S.C. § 101....................6, 7

17 U.S.C. § 106....................2, 6

17 U.S.C. § 412....................1, 2, 7, 8, 9

17 U.S.C. § 501....................2, 5, 7

17 U.S.C. § 504(c)....................9

17 U.S.C. § 505....................9

Copyright Act........................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)........................................................................................1, 4

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 4

Defendant Edikted LLC ("Edikted"), by and through its undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), submits this brief in support of its motion to dismiss the Amended Complaint (D.I. 14) of Plaintiffs Amira M. Brownell and amiramarie.xo LLC (collectively, "Plaintiffs").

## I. <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Plaintiffs' original Complaint, asserting two claims for copyright infringement under the Copyright Act against Edikted, was filed on August 20, 2026. (D.I. 1). On September 28, 2026, Plaintiffs filed the Amended Complaint, which asserts the same two claims for copyright infringement. (D.I. 14). Edikted now moves for partial dismissal of the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, Edikted seeks dismissal of Plaintiff amiramarie.xo LLC on the grounds that Plaintiff amiramarie.xo LLC does not have standing to sue for infringement under the Copyright Act and seeks dismissal of Plaintiffs' request for statutory damages and attorney fees under Count I of the Amended Complaint because they are foreclosed by 17 U.S.C. § 412.

## II. <u>SUMMARY OF ARGUMENT</u>

1. Plaintiffs' Amended Complaint should be dismissed in part for two independent reasons. First, amiramarie.xo LLC lacks standing to assert copyright infringement claims because the copyrights are registered solely in Ms. Brownell's individual capacity. The Amended Complaint's new allegation that amiramarie.xo LLC "relies exclusively" on Ms. Brownell's photographs as its "primary commercial asset" concerns only amiramarie.xo LLC's business model. At no point in the Amended Complaint is it alleged that Ms. Brownell transferred any exclusive right in copyright to amiramarie.xo LLC. The Amended Complaint's own allegations,

read liberally, establish that amiramarie.xo LLC is, at most, a non-exclusive licensee of the Photographs-at-Issue, which is insufficient to confer standing under 17 U.S.C. § 501(b).

2. Second, Plaintiffs' claims for statutory damages and attorney's fees as to the Pink Outfit Photograph under Count I are barred by 17 U.S.C. § 412. The photograph was first published on or about July 1, 2025, but was not registered until June 15, 2026, nearly twelve months after publication and well outside Section 412's three-month grace period. Because the alleged infringement began before the registration's effective date and registration occurred outside the statutory grace period, Plaintiffs are not entitled to statutory damages and attorney's fees under Count I.

## III. STATEMENT OF FACTS

This action arises from a complaint alleging two counts of copyright infringement under 17 U.S.C. §§ 106 and 501 and the following allegations are presumed to be true for purposes of this motion. Plaintiff Amira M. Brownell ("Ms. Brownell") is an individual who resides in New Castle County, Delaware. (D.I. 14 ¶ 7). Ms. Brownell is the sole member and operator of Plaintiff amiramarie.xo LLC, a Delaware limited liability company. (D.I. 14 ¶¶ 8, 14). Defendant Edikted LLC ("Edikted") is a Delaware limited liability company that sells apparel under its EDIKTED® brand, including through its website edikted.com.

The Amended Complaint alleges that Ms. Brownell is a social media marketing influencer and digital creator who "creates photographic images and videos, and owns the rights to these images and videos, which [Ms. Brownell] licenses for various uses, including online publication." (D.I. 14 ¶¶ 2, 14). Ms. Brownell purports to be the author of the two photographs at issue in the Amended Complaint: Photograph 1 (the "Pink Outfit Photograph"), allegedly created in 2025 and first published to Plaintiff amiramarie.xo LLC's Instagram account on or about July 1, 2025; and

Photograph 2 (the "Gold Outfit Photograph"), allegedly created in 2026 and published to Plaintiff amiramarie.xo LLC's Instagram account on or about April 9, 2026. (D.I. 14 ¶¶ 21-22, Ex. B-C). Plaintiffs further allege that the Pink Outfit Photograph set forth in Exhibit B to the Amended Complaint was registered with the United States Copyright Office under number VA 2-516-248, with an effective date of registration of June 15, 2026, nearly twelve months after its first publication (D.I. 14 ¶ 23, Ex. D), while the Gold Outfit Photograph set forth in Exhibit C to the Amended Complaint was registered under number VA 2-508-299, with an effective date of registration of June 8, 2026. (D.I. 14 ¶ 24, Ex. E).[1] The Amended Complaint states that Ms. Brownell "licenses amiramarie.xo [LLC] to use her images and videos on her social media platforms," (D.I. 14 ¶ 2), yet at no point does the Amended Complaint allege that Plaintiff amiramarie.xo LLC is the exclusive licensee of the Pink Outfit Photograph or the Gold Outfit Photograph (collectively, the "Photographs-at-Issue").

The Amended Complaint adds allegations that Ms. Brownell, "exclusively through Amiramarie.xo LLC, offers paid services to create photographs and videos for brands, stores, and marketing agencies," and that "Amiramarie.xo LLC relies exclusively on the use of the photographs and videos created by Amira M. Brownell, as its primary commercial asset. Thus, Amiramarie.xo LLC has an economic interest in the use of the photographs." (D.I. 14 ¶ 17). Plaintiffs further allege that their services include "licensing the photographs and videos to clients for hosting on the client's platforms . . . for a set amount of compensation for a set period of time based on their contractual agreements." (D.I. 14 ¶ 18). The Amended Complaint does not,

[1] To be clear, Edikted contests the validity of these registrations but limits its arguments to the deficiencies apparent on the face of the Amended Complaint.

however, allege that any written instrument transferred any exclusive right in the Photographs-at-Issue to amiramarie.xo LLC.

The Amended Complaint further alleges that Edikted obtained unauthorized copies of the Photographs-at-Issue and displayed them on its website beginning in July 2025. (D.I. 14 ¶ 25).

## IV. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. Because standing is an essential component of subject matter jurisdiction, a challenge to a plaintiff's standing is properly raised under Rule 12(b)(1). *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Under Rule 12(b)(1), "the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Id*. The plaintiff bears the burden of establishing that jurisdiction exists and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id*. (quoting *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir.1996)); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Further, when evaluating a Rule 12(b)(6) motion, a district court applies a three-step analysis. "First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1947 (2009)). "Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). "Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Well-pled factual

allegations must be "plausible on [their] face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" is legally insufficient. *Id.* (quotation marks and citation omitted).

## V. ARGUMENT

### 1. Amiramarie.xo LLC Lacks Standing to Assert Copyright Infringement Claims

Under the Copyright Act, only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). "The party invoking federal jurisdiction bears the burden of establishing the elements of standing." *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996).

Here, both copyright registrations at issue are registered exclusively in the name of Ms. Brownell as an individual, not in the name of amiramarie.xo LLC. (D.I. 14 ¶¶ 19, 23–24; Exs. D, E.) The Amended Complaint itself alleges that Ms. Brownell "owns the rights to these images and videos" and that she "licenses amiramarie.xo to use her images and videos on her social media platforms." (D.I. 14 ¶ 2). The Amended Complaint further alleges that Ms. Brownell, and not amiramarie.xo LLC, is "the owner, creator, and copyright holder" of the photographs. (D.I. 14 ¶ 15).

The allegation that Ms. Brownell granted amiramarie.xo the right to "use" the Photographs-at-Issue is legally insufficient to confer standing on the latter. Critically, the Amended Complaint sets forth no allegation that amiramarie.xo LLC is a licensee possessing exclusive rights in

copyright to either of the Photographs-at-Issue. Specifically, the Amended Complaint alleges that amiramarie.xo "has an economic interest in the photographs." (D.I. 14 ¶ 17). But the Copyright Act confers standing on the "legal or beneficial owner", 17 U.S.C. § 501(b), and not any entity that merely possesses an "economic interest."

At most, the Amended Complaint implies amiramarie.xo LLC may possess a non-exclusive license to display the photographs on social media. But a "nonexclusive licensee does not have standing to sue for copyright infringement." *Commerce Bancorp LLC v. Hill*, 2010 U.S. Dist. LEXIS 60550, at *24 (D.N.J. June 18, 2010) (collecting cases); *see also* 17 U.S.C. § 101 (defining "transfer of copyright ownership" to exclude non-exclusive licenses). The law is clear that a "mere nonexclusive licensee—a person granted permission to use the work but not to prevent others from using it. . . —lacks standing to sue for infringement." *Stockfood Am., Inc. v. Adagio Teas, Inc.*, 475 F. Supp. 3d 394, 406 (D.N.J. 2020) (citing *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015)).

Plaintiffs' new allegation in the Amended Complaint that "Amiramarie.xo LLC relies exclusively on the use of the photographs and videos created by Amira M. Brownell, as its primary commercial asset" fails to cure this deficiency. (D.I. 14 ¶ 17). That allegation merely describes amiramarie.xo LLC's dependence on Ms. Brownell's photographs, but it says nothing about what rights, if any, Ms. Brownell actually conveyed to the company. The inclusion of the word "exclusively" is merely a red herring meant to distract the Court. It has no bearing as to whether there exists a written agreement explicitly transferring any exclusive rights in the Photographs-at-Issue from Ms. Brownell to amiramarie.xo LLC. An entity's exclusive reliance on a work as a business asset is not the same as owning an exclusive right in that work under 17 U.S.C. § 106. The defining feature of an exclusive license (i.e., the right to prevent others, including the

copyright owner, from exercising the licensed right) is nowhere alleged. *See Stockfood*, 475 F. Supp. 3d at 406 (holding that a nonexclusive licensee, which is "a person granted permission to use the work but not to prevent others from using it," lacks standing to sue for infringement).

Moreover, an exclusive license is a "transfer of copyright ownership" under the Copyright Act, 17 U.S.C. § 101, and "[a] transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). The Amended Complaint does not allege that any such writing exists. Nor does Ms. Brownell's status as the sole member and operator of amiramarie.xo LLC (D.I. 14 ¶¶ 2, 14) change the analysis. A limited liability company is a legal entity distinct from its member, and rights held by Ms. Brownell individually do not become the LLC's simply because she controls it. 6 Del. C. § 18-201(b) ("A limited liability company formed under this chapter shall be a separate legal entity..."). The Amended Complaint's remaining allegations confirm that no exclusive license exists. Ms. Brownell alleges that she personally "owns the rights to these images and videos, which [she] licenses for various uses," and that she is "the owner, creator, and copyright holder" of the photographs. (D.I. 14 ¶¶ 2, 15). A copyright owner who retains the rights and has not granted another party an exclusive right in them.

Because amiramarie.xo LLC is, by the Amended Complaint's own admissions, at most a non-exclusive licensee of the Photographs-at-Issue, it lacks standing to bring suit under Section 501(b) of the Copyright Act. Accordingly, amiramarie.xo LLC should be dismissed as a plaintiff.

### 2. Plaintiffs' Claims for Statutory Damages and Attorney's Fees Under Count I are Barred Under 17 U.S.C. § 412

Regardless of which, if any, of the Plaintiffs have standing to sue, Section 412 of the Copyright Act provides a critical limitation on the remedies available for a claim of copyright

infringement. Specifically, "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). The purpose of Section 412 is to provide "incentive for publishers to promptly register their copyright." *Leonard v. Stemtech Health Scis., Inc.*, No. CIV.A. 08-067-LPS-CJ, 2011 WL 6046701, at *13 (D. Del. Dec. 5, 2011), *report and recommendation adopted*, No. CA 08-067-LPS-CJB, 2012 WL 1133185 (D. Del. Mar. 28, 2012).

The facts in this case are straightforward and dispositive:

- The Pink Outfit Photograph was first published to Instagram on or about July 1, 2025. (D.I. 14 ¶ 21); *see also* (D.I. 14, Ex. D) (identifying the Date of 1st Publication as July 1, 2025).
- The copyright registration for the Pink Outfit Photograph (VA 2-516-248) has an effective date of June 15, 2026, nearly twelve months after first publication. (D.I. 14 ¶ 23, Ex. D)
- The Amended Complaint alleges that Edikted's alleged infringement of the Pink Outfit Photograph commenced in July 2025 (D.I. 14 ¶ 25), which is the same month as first publication, and a full eleven months <u>before</u> the effective date of the registration.

The nearly twelve months between the publication of the Pink Outfit Photograph and the registration of the photograph far exceed the three-month grace period provided by Section 412(2). Because the alleged infringement of the Pink Outfit Photograph commenced after publication but before the effective date of registration, and because the registration was not made within three months of first publication, Plaintiffs are barred from recovering statutory damages under 17

U.S.C. § 504(c) or attorney's fees under 17 U.S.C. § 505 as to Count I. *See Leonard*, No. CIV.A. 08-067-LPS-CJ, 2011 WL 6046701, at *13 (holding that all pre- and post-registration allegedly infringing activity would be treated as a single continuing infringement for purposes of Section 412 and the plaintiff would not be permitted to seek statutory damages and attorney's fees for such alleged infringement).

Accordingly, Plaintiffs have failed to state a claim for statutory damages and attorney's fees under Count I, and their claims for such damages and fees as to Count I should be dismissed or stricken. And because no amendment can transform July 1, 2025 (the date of first publication) into a date within three months of June 15, 2026 (the effective date of the registration), any amendment would be futile, and the claim for statutory damages and attorney's fees should be dismissed with prejudice as to Count I.

## VI. CONCLUSION

For the foregoing reasons, Edikted respectfully requests that the Court grant Edikted's motion, dismiss Plaintiff amriamarie.xo LLC for lack of standing, and dismiss with prejudice Plaintiffs' claims for statutory damages and attorney's fees under Count I of the Amended Complaint.

Dated: October 13, 2026

*_/s/ Alan C. Cardenas-Moreno_*
Beth Moskow-Schnoll (No. 2900)
Alan C. Cardenas-Moreno (No. 7174)
BALLARD SPAHR LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Telephone: 302.252.4465
E-mail: moskowb@ballardspahr.com
cardenasmorenoa@ballardspahr.com

OF COUNSEL:
BALLARD SPAHR LLP
Noah S. Robbins
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8745
E-mail: robbinsn@ballardspahr.com
(*Pro Hac Vice* application forthcoming)

*Counsel for Defendant Edikted LLC*